IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                      No.   3:11-cr-30023-1-DRH

ANTHONY SCRUGGS,

        Defendant.

## ORDER

**HERNDON, Chief Judge:**

Pending before the Court is defendant's motion for appointment of counsel and reduction of sentence (Doc. 211). Specifically, defendant requests appointment of counsel pursuant to 18 U.S.C. § 3006A because he believes that he would be eligible for "the Drugs minus two level sentencing guidelines reduction Amendment recently passed by the U.S. Sentencing Commission, which may become effective law on November 1, 2014" (Doc. 211 at 1). Based on the following, the Court **DISMISSES** for lack of jurisdiction the portion of defendant's motion that can be construed as a motion for reduction of sentence and **DENIES** petitioner's request for appointment of counsel.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996). The following post-judgment motions are allowed if timely filed. Under Federal Rule of Criminal Procedure 35, revision is

proper only within 7 days, unless the prosecutor files an appropriate motion or the court of appeals remands. Further, a Rule 33 motion for new trial based on evidence must be brought within 3 years after the verdict and a Rule 33 motion for new trial based on other grounds must be brought within 7 days after the verdict. Lastly, a collateral attack under 28 U.S.C. § 2255 has a 1 year statute of limitations.

Here, Scruggs does not cite to any case law or statute which allows the Court to consider a reduction in sentence. The only possible procedural avenue that Scruggs could bring this kind of request is a § 2255 collateral attack. Based on the case law, the Court must treat a post-judgment motion as a collateral attack if it meets the description of § 2255. *See Romandine v. United States*, 206 F.3d 731, 734 (7th Cir. 2000). After reviewing this motion, it is not clear to the Court that Scruggs intends to pursue a collateral attack.[1] The Court therefore lacks jurisdiction to entertain the portion of Scruggs' motion the Court construes as a motion for reduction of sentence and there is no reason to appoint counsel.

Regardless, Scruggs is premature at best. Congress has until November 1st to decide if it intends to veto the Commission's action and as yet the Commissions's action is prospective only. It has yet to hold hearings, let alone vote on the issue of whether it will make the amendment retroactive. So even if plaintiff decides to go forward with a petition for collateral relief, he would be well advised to wait for these two matters to be decided in order to avoid having his petition decided on grounds other than substantive issues.

---

[1] In the event that Scruggs wishes to file a collateral attack as to this criminal case, the Court advises Scruggs to consult 28 U.S.C. § 2255, the Federal Rules of Criminal Procedure and the Court's Local Rules on how to properly file such a motion.

Accordingly, the Court **DISMISSES** for lack of jurisdiction the portion of defendant's motion that can be construed as a motion for reduction of sentence and **DENIES** petitioner's request for appointment of counsel.

**IT IS SO ORDERED.**

Signed this 9th day of May, 2014.

Digitally signed by
David R. Herndon
Date: 2014.05.09
08:29:44 -05'00'

**Chief Judge**
**United States District Court**